# EXHIBIT A

1

2

IN THE SUPERIOR COURT OF WASHINGTON
3
IN AND FOR KING COUNTY

4

5

6  JANE DOE,                                              NO.

7       Plaintiff.                                        SUMMONS

8  v.

9

10  LIFESTANCE HEALTH, INC. LIFESTANCE
    HEALTH, LLC DBA LIFESTANCE
11  HEALTH OF WASHINGTON, LLC,
12  LIFESTANCE HEALTH GROUP, INC.,
    CORPORATIONS A-Z
13

14            Defendants.

15

16        A lawsuit has been started against you in the above-entitled court by the plaintiff.

17  Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with

18  this Summons. In order to defend against the lawsuit, you must respond to the complaint by

19
    stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff
20
21  within 20 days after the service of this Summons, or within 60 days if this Summons was served

22  outside the State of Washington, excluding the day of service, or a default judgment may be

23  entered against you without notice. A default judgment is one where the plaintiff is entitled to

24  what they ask for because you have not responded. If you serve a notice of appearance on the

25
    undersigned attorney, you are entitled to notice before a default judgment may be entered. You
26

27  COMPLAINT                                             THE JACKMAN LAW FIRM, PLLC
                                                          708 BROADWAY, SUITE 108
28                                                        TACOMA, WA 98104
                                                          TEL: 206-245-6442
                                                          WWW.JACKMANFIRM.COM
                                                          CHRIS@JACKMANFIRM.COM

1    may demand that the plaintiff files the lawsuit with the court. If you do so, the demand must be

2    in writing and must be served upon the plaintiff. Within 14 days after the service of the demand,

3    the plaintiff must file this lawsuit with the court, or the service on you of this Summons and

4

5    Complaint will be void.

6         If you wish to seek the advice of an attorney in this matter, you should do so promptly so

7    that your written response, if any, may be served on time.

8         This Summons is stated pursuant to Rule 4 of the Superior Court Civil Rules of the State

9    of Washington.

10

11

12

13                      By:  THE JACKMAN LAW FIRM, PLLC

14

15

16

17    DATED 15th day of August, 2023

18

*/s/ Chris T. Jackman*

19    Chris Jackman, WSBA #46182

The Jackman Law Firm, PLLC

20    708 Broadway

21    Suite 108

Tacoma, WA 98402

22    Tel: 206-245-6442

Fax: 206-374-2586

23    Chris@JackmanFirm.com

24

25

26

27    COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  COMPLAINT
28

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

28

1
2
3          IN THE SUPERIOR COURT OF WASHINGTON
4               IN AND FOR KING COUNTY
5

6    JANE DOE,                                    NO.

7               Plaintiff.                        COMPLAINT

8    v.

9

10   LIFESTANCE HEALTH, INC. LIFESTANCE
     HEALTH, LLC DBA LIFESTANCE
11   HEALTH OF WASHINGTON, LLC,
12   LIFESTANCE HEALTH GROUP, INC.,
     CORPORATIONS A-Z
13

14             Defendants.

15

16          Plaintiff, Jane Doe, by and through undersigned counsel Chris Jackman of The Jackman

17   Law Firm, PLLC, hereby brings this Complaint against Defendants Lifestance Health, Inc.,
18
     Lifestance Health, LLC, LifeStance Health of Washington, LLC, Lifestance Health Group, Inc.
19
20   ("Lifestance") for compensatory damages, general damages, punitive damages, equitable relief,

21   and such other relief deemed just and proper arising from the injuries to Plaintiff as a direct and

22   proximate result of the wrongful and/or negligent and/or wanton conduct of the Defendants and
23
     in support states as follows:
24

25

26

27   COMPLAINT                                    THE JACKMAN LAW FIRM, PLLC
                                                  708 BROADWAY, SUITE 108
28                                                TACOMA, WA 98104
                                                  TEL: 206-245-6442
                                                  WWW.JACKMANFIRM.COM
                                                  CHRIS@JACKMANFIRM.COM

## **PARTIES AND JURISDICTION**

1.     Plaintiff is a female over the age of majority and is a resident and citizen of Olympia, Washington. Upon information and belief, Lifestance has its principal office in Scottsdale, Arizona, with its registered agent located in Tumwater, Washington. According to its website, Lifestance Health Group, Inc. has more than 370 locations in the US and has a market value of almost $7.9 billion and is publicly traded on the New York Stock Exchange. Founded in 2017, Lifestance ooperates in 27 states, with total patient visits increasing to 2.3 million in 2019. Upon information and belief, Lifestance Health, LLC DBA Lifestance Health of Washington, LLC has its principal office at 10644 NE 4th Street, Suite 800, Bellevue, WA 98004.

2.     Lifestance operates a location called Lifestance Health Therapists and Psychiatrists across Washington. The plaintiff treated with defendant Timothy Carver at Lifestance's clinic located at 5201 Olympic Drive #210, Gig Harbor, Washington State 98335.

3.     At all times relevant to this action, Timothy ("TJ") Carver was employed by Lifestance as a licensed mental health therapist to serve as a counselor/therapist to his patients. At all times relevant to this action, TJ was acting within the course and scope of their agency and employment to the benefit of Lifestance. Therefore, Lifestance, as the principal and master, is responsible to the plaintiff by operation of the legal doctrine of *respondeat superior*, and thus liable to the plaintiff for all damages proximately caused by and resulting from the acts and omissions of its employees and/or agents, including but not limited to TJ.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

## FACTUAL BACKGROUND

4.      The tortious and wrongful conduct described herein took place in the State of Washington unless otherwise specified.

5.      Lifestance presents itself on its website as a "national team of pyschiatrists, psychologists, nurse practicioners, and licensed therapists who provide mental health treatment services for patiets of all ages, telehealth and in-person appointments, covered by insurance."

6.      The plaintiff voluntarily admitted herself to Lifestance, where TJ was her therapist, on or about August of 2021 for depression, where she attended counseling sessions until February of 2022.

7.      TJ used his unrestricted access to patients and his authoritative position of power as a counselor at Lifestance to groom the plaintiff and initiate and participate in an inappropriate sexual relationship with the plaintiff.

8.      On or about January 17, 2022, TJ, while still employed as a licensed therapist at Lifestance and while still treating the plaintiff his patient, disclosed to the plaintiff that he had romantic feelings for her.

9.      On or about January 26, 2022, TJ, while still employed as a licensed therapist at Lifestance and while still treating the plaintiff as his patient, took the plaintiff to dinner and kissed her.

10.     On or about January 31, 2022, TJ, while still employed as a licensed therapist at Lifestance and while still treating the plaintiff as his patient, engaged in sexual intercourse in his Lifestance office.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

11.     On or about about February of 2022, TJ, while still employed as a licensed therapist at Lifestance and while still treating the plaintiff as his patient., declared to the plaintiff that he was in an exclusive romantic relationship with her.

12.     In February of 2022, a Lifestance employee learned about the romantic relationship between the plaintiff and TJ but refused to disclose her knowledge to management for fear of losing her job.

13.     TJ continued to use his position of authority as a counselor and repeatedly engaged in sexual acts with the plaintiff at his place of residence and his office at LifeStance while he was a licensed therapist treating the plaintiff for depression and while Lifestance management either knew or should have known about said sexual and romantic relationship.

14.     TJ maintained regular contact with the plaintiff over a sixteen month period through inappropriate and explicit phone calls, text messages, and social media posts, all of which are within the plaintiff's possession and fully documented their sexual, romantic relationship, five of which occurred while TJ was an employee of Lifestance and while the plaintiff was a patient of TJ.

15.     As a result of the ongoing sexual and emotional abuse by TJ, the plaintiff was not only sexually violated, but she has also suffered severe psychological damage by a person presented to her, and held out by Lifestance, as a licensed, professional counselor and therapist.

16.     The plaintiff now suffers from anxiety, PTSD, and severe depression, including distrust of professionals, especially counselors/therapists, impaired romantic relatinoshpis, as a result of the ongoing abuse imposed upon him by Defendants.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

17.     After TJ was eventually terminated by LifeStance for his inappropriate behavior, and after the plaintiff's relationship with TJ ended, the plaintiff attempted suicide and was hospitalized for her injuries.

18.     Lifestance allowed TJ to act as an authoritative figure over patients, including his patient the plaintiff

19.     Lifestance, to its financial benefit, by and through its employees, allowed TJ to continue his work duties at Lifestance as a therapist to his patients.

20.     Lifestance, to Lifestance's financial benefit, afforded TJ significant one-on-one time with the plaintiff, giving TJ ample opportunity to commit sexual misconduct against the plaintiff.

21.     Upon information and belief, Lifestance, by and through its employees had information that an inappropriate, romantic, sexual relationship was occurring between TJ and the plaintiff and failed to take steps to prevent it.

22.     Rather than immediately looking into the suspected inappropriate sexual relationship, LifeStance ignored it.

23.     Because Lifestance placed TJ in a position of absolute trust, he was allowed solitary access to vulnerable and emotionally unstable patients, including the plaintiff.

24.     TJ received patients in need of counseling and then used his position for his own sexual gratification as he victimized and manipulated and destroyed his patient, the plaintiff.

25.     Lifestance failed to protect the plaintiff, who entrusted the plaintiff with her treatment and recovery.  Instead, the plaintiff was victimized by a sexual predator placed in a position of authority by Lifestance.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

1
2
3
4
5

## FIRST CLAIM FOR RELIEF

### Negligent and/or Grossly Negligent Supervision of Employee
### (Against Lifestance)

26.    Plaintiff repeats, reiterates, and re-alleges each and every allegation of this

Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect

as if more fully set forth herein.

27.    Lifestance, individually and/or by and through its employees, has a duty to exercise

reasonable care in the supervision of its employees and agents.

28.    TJ, to Lifestance's financial benefit, treated patients in need of counseling including

the plaintiff.

29.    Lifestance was entrusted to protect the plaintiff against unreasonable risks of harm,

including that coming from third persons employed by Lifestance.

30.    Lifestance knew or should have known of TJ's unfitness to serve as a counselor

and therapist.

31.    The conduct of TJ is imputed to the Lifestance under *respondeat superior*, as TJ's

tortious conduct occurred within the course and scope of her agency with Lifestance.

32.    Lifestance breached its duty by failing to use ordinary care to protect the plaintiff

against unreasonable risks of harm.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL.: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

33.     The failure of Lifestance to properly supervise its employee and protect the plaintiff from harm proximately caused the plaintiff's injuries.

34.     As a direct and proximate result of the negligent supervision of TJ by Lifestance, the plaintiff suffered and continues to suffer persistent and severe physical, emotional, and psychological harm including anxiety, severe depression, distrust of counselors/therapists, alcohol addiction relapse, and PTSD, all to his general harm.

WHEREFORE, the plaintiff respectfully requests this Court enter a judgment in her favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. The plaintiff also demands that the issues contained herein be tried by a jury.

## SECOND CLAIM FOR RELIEF

### Negligent and Wanton Hiring and Retention
### (Against Lifestance)

35.     Plaintiff repeats, reiterates, and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

36.     Lifestance, individually and/or by and through its employees, has a duty to exercise reasonable care in the hiring, retaining, and training of its employees and agents.

37.     Lifestance owed the plaintiff a duty to act as a reasonable employer at a treatment center with knowledge that employees would have significant one-on-one contact with patients.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

38.     Lifestance, to its financial benefit, hired and retained TJ to serve as Counselor/Therapist at Lifestance and to promote Lifestance through one-on-one counseling sessions with patients, including the plaintiff.

39.     Lifestance, by and through its employees, knew or had reason to know of TJ's pervasive and continuing sexual misconduct.

40.     Lifestance breached its duty to the plaintiff by continuing to employ TJ despite possessing knowledge that he was engaging in inappropriate sexual misconduct with patients. Lifestance's conduct provided TJ the position, authority, and opportunity to sexually abuse the plaintiff.

41.     TJ's conduct is imputed to Lifestance under *respondeat superior*, as it was committed within the course and scope of TJ's agency with Lifestance.

42.     As a direct and proximate result of Lifestance's negligent and wanton hiring and retention of TJ, the plaintiff suffered and continues to suffer persistent and severe physical, emotional, and psychological harm including anxiety, severe depression, distrust of counselors/therapists, impaired romantic relationships, suicidal ideation, and PTSD all to her general damage.

WHEREFORE, the plaintiff respectfully requests this Court enter a judgment in her favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. The plaintiff also demands that the issues contained herein be tried by a jury.

## THIRD CLAIM FOR RELIEF

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

**Breach of Fiduciary Duty**
**(Against All Defendants)**

43.     Plaintiff repeats, reiterates, and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

44.     The plaintiff was subservient to the dominant mind and will of Defendants as a result of his position as a patient.

45.     A confidential, fiduciary relationship existed between the plaintiff and Defendants, who acted as counselors to the plaintiff.

46.     The plaintiff paid money for her attendance at Lifestance, thus providing something of value to Lifestance and the plaintiff.

47.     The plaintiff placed her trust and confidence in Defendants to uphold their fiduciary relationship and not permit, or commit, sexual misconduct against her.

48.     Lifestance breached its duty to the plaintiff by allowing TJ to engage in an unlawful sexual relationship with its patient.

49.     TJ engaged in unlawful sexual conduct with his patient, the plaintiff, including but not limited to the plaintiff's continuous initiation of sexual intercourse and other sexual acts, against the plaintiff

50.     As a result of Defendants' breach of fiduciary duty, the plaintiff suffered and continues to suffer persistent and severe physical, emotional, and psychological harm including anxiety, severe depression, distrust of counselors/therapists, impaired romantic relationships, suicidal ideation, and PTSD all to her general damage.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

WHEREFORE, the plaintiff respectfully requests this Court enter a judgment in her favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. The plaintiff also demands that the issues contained herein be tried by a jury.

## FOURTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress
### (Against All Defendants)

51.     Plaintiff repeats, reiterates, and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

52.     Lifestance acted intentionally or recklessly in permitting sexual misconduct, including but not limited to TJ's initiations of sexual intercourse and other sexual acts, against the plaintiff.

53.     TJ acted intentionally or recklessly as he engaged in unlawful sexual conduct with the plaintiff, his patient entrusted to his care, including but not limited to TJ's initiations of sexual intercourse and other sexual acts, against the plaintiff,

54.     Lifestance, by and through its employees, knew or had reason to know of ongoing sexual misconduct by TJ and continued to allow TJ the opportunity to sexually abuse the plaintiff thereby intentionally inflicting emotional distress upon TJ.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

55. The conduct of Lifestance's employee, TJ, is imputed to Lifestance under *respondeat superior*, as it was committed within the course and scope of TJ's agency with Lifestance and because TJ is a licensed therapist employed Lifestance.

56. The conduct of Defendants was both extreme and outrageous given that they were entrusted to care for the plaintiff, a patient in a position of vulnerability.

57. As a direct and proximate result of the Defendants' intentional infliction of emotional distress, the plaintiff suffered and continues to suffer persistent and severe physical, emotional, and psychological harm including anxiety, severe depression, distrust of counselors/therapists, impaired romantic relationship, and PTSD all to her general damage.

WHEREFORE, the plaintiff respectfully requests this Court enter a judgment in her favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper. The plaintiff also demands that the issues contained herein be tried by a jury.

## FIFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress
### (Against All Defendants)

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

59. The plaintiff entrusted Defendants with her care. Lifestance failed to properly care for Mathew by permitting sexual misconduct.

60. TJ failed to properly care for the plaintiff by committing sexual misconduct.

61. TJ groomed the plaintiff to be his sexual pawn by his intentional acts and conduct, all of which was either known or should have been known by Lifestance.

62. Lifestance was grossly negligent in permitting the plaintiff to suffer persistent and continued sexual abuse.

63. TJ was grossly negligent as she engaged in unlawful sexual conduct with the plaintiff, a patient in position of vulnerability entrusted to his care, including but not limited to, initiating sexual intercourse and other sexual acts.

64. Lifestance, by and through its employees knew or had reason to know of TJ's ongoing sexual misconduct and continued to permit TJ the opportunity to sexually abuse the plaintiff.

65. TJ's conduct is imputed to Lifestance under *respondeat superior*, as it was committed within the course and scope of TJ's agency with Lifestance.

66. Defendants, acting reasonably, knew, or should have known, their conduct would expose the plaintiff to an unreasonable risk of emotional distress and other damages.

67. As a direct and proximate result of the Defendants' negligent infliction of emotional distress, the plaintiff suffered and continues to suffer persistent and severe physical, emotional, and psychological harm including anxiety, severe depression, distrust of counselors/therapists, impaired romantic relationships, and PTSD all to her general damage.

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

WHEREFORE, the plaintiff respectfully requests this Court enter a judgment in her favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  The plaintiff also demands that the issues contained herein be tried by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against all Defendants as follows:

(1) compensatory damages, general damages, lost wages, the impairment of future wages;

(2) the costs of this action be taxed to the Defendants;

(3) any and all other relieve deem just and proper;

(4) punitive damages.

Dated: August 15, 2023

By:  The Jackman Law Firm, PLLC

*/s/Chris T. Jackman*
Chris T. Jackman, WSBA No. 46182

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27   COMPLAINT
28

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

THE JACKMAN LAW FIRM, PLLC
708 BROADWAY, SUITE 108
TACOMA, WA 98104
TEL: 206-245-6442
WWW.JACKMANFIRM.COM
CHRIS@JACKMANFIRM.COM